UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEMA GARCIA,

    Plaintiff,

v.                                                       Case No. 8:20-cv-1390-T-60JSS

ETHICON, INC. and JOHNSON &
JOHNSON,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
"DEFENDANTS' MOTION FOR SUMMARY JUDGMENT"**

This matter is before the Court on "Defendants' Motion for Summary Judgment" and supporting memorandum, filed on May 10, 2019. (Docs. 23; 24). On May 24, 2020, Plaintiff filed a response in opposition. (Doc. 27). On June 2, 2019, Defendants filed a reply. (Doc. 29). Upon review of the motion, response, reply, court file, and record, the Court finds as follows:

**Background**

This case is one of thousands of similar cases filed since 2010.[1] Plaintiff Gema Garcia sued directly in the Southern District of West Virginia as part of the

---

[1] In the seven MDLs, over 100,000 cases have been filed, approximately 40,000 of which are in the Ethicon MDL. *See* MDL 2187 (C.R. Bard) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2187; MDL 2325 (American Medical Systems) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2325; MDL 2326 (Boston Scientific) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2326; MDL 2327 (Johnson & Johnson, Ethicon) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2327; MDL 2387 (Coloplast) Member List of Cases,

multidistrict litigation (MDL) entitled *In re: Ethicon, Inc., Pelvic Repair Sys. Prods. Liab. Lit.*, MDL No. 2327.  The case was not resolved by the MDL transferee court ("MDL Court"), and on June 19, 2020, it was transferred to this Court.

On October 6, 2008, Plaintiff was implanted with Ethicon's Prolift device at a hospital in New Port Richey, Florida.  The device was designed and manufactured by Defendants Johnson & Johnson and Ethicon, Inc.  Approximately eight years later, Plaintiff underwent additional surgery to remove the mesh device.  Plaintiff contends that the Prolift device caused her extensive injury, pain, and suffering.

On January 21, 2016, Plaintiff sued directly in the MDL using a short-form complaint, alleging: Negligence (Count I), Strict Liability – Manufacturing Defect (Count II), Strict Liability – Failure to Warn (Count III), Strict Liability – Defective Product (Count IV), Strict Liability – Design Defect (Count V), Common Law Fraud (Count VI), Fraudulent Concealment (Count VII), Constructive Fraud (Count VIII), Negligent Misrepresentation (Count IX), Negligent Infliction of Emotional Distress (Count X), Breach of Express Warranty (Count XI), Breach of Implied Warranty (Count XII), Violation of Consumer Protection Laws (Count XIII), Gross Negligence (Count XIV), Unjust Enrichment (Count XV), Loss of Consortium (Count XVI), Punitive Damages (Count XVII), and Discovery Rule and Tolling (Count XVIII).

---

https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2387; MDL 2440 (Cook Medical) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2440; and MDL 2511 (Neomedic) Member List of Cases, https://www.wvsd.uscourts.gov/caselist/caseviewlist.aspx?mdl=2511.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

*Causation*

In their motion, Defendants argue that they are entitled to summary judgment on each of Plaintiff's claims because she cannot establish causation. Specifically, Defendants argue that as of the date of their motion, Plaintiff had not disclosed any expert witnesses. However, the magistrate judge granted "Plaintiff's Amended Motion for Leave to File Late Expert Disclosures and Expert Report Nunc

Pro Tunc." (Doc. 75). As such, the motion for summary judgment is denied as to this ground.

***Count I: Negligence***

<ins>Manufacturing Defect</ins>

Defendants seek summary judgment on Count I to the extent the claim is based on an alleged manufacturing defect. Plaintiff indicates that she does not intend to pursue any claims based on a manufacturing defect. Based on Plaintiff's concession and the applicable case law, the Court finds that Defendants are entitled to summary judgment on this portion of Count I.

<ins>Failure to Warn</ins>

Defendants also seek summary judgment on Count I to the extent that the claim is based on an alleged failure to warn. Defendants argue that Plaintiff cannot establish proximate causation because her implanting physician did not rely on the instructions for use, and she would not have changed her decision if given additional warnings or risk information. Plaintiff appears to argue that there is a genuine issue of material fact as to the physician's familiarity with and reliance on the warnings and as to whether her physician would have used the product had there been an adequate warning.

The learned intermediary doctrine is a fact-intensive affirmative defense that "directs the manufacturer's duty to warn to the prescribing physician rather than the ultimate consumer or patient." *Eghnayem v. Boston Scientific Corp.*, No. 1:14-cv-024061, 2016 WL 4051311, at *9 (S.D. Fla. Mar. 17, 2016); *MacMorris v. Wyeth,*

*Inc.*, No. 2:04-cv-596-FtM-29DNF, 2005 WL 1528626, at *3 (M.D. Fla. June 27, 2005); *see, e.g.*, *Salinero v. Johnson & Johnson*, 400 F. Supp. 3d 1334, 1344-45 (S.D. Fla. 2019). To establish proximate causation, "a plaintiff must show that her treating physician would not have used the product had adequate warnings been provided." *Id.* (citing *Hoffmann-La Roche Inc. v. Mason*, 27 So. 3d 75, 76 (Fla. 1st DCA 2009)). The causal link is therefore broken when the prescribing physician had substantially the same knowledge as an adequate warning from the manufacturer would have given. *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1192 (11th Cir. 1995).

The Court has reviewed the deposition of Dr. Vahora, the implanting physician. *See* (Doc. 23-1). Dr. Vahora explains that she was aware of the instructions for use as part of her medical training, but she did not recall the specifics about the instructions for this particular product. (Doc. 23-1 at 18). She indicated that she would want to know information that was available concerning whether a device caused a serious side effect. (*Id.*). She could not testify as to whether the information contained in the instructions for use was true and accurate. (*Id.*). She did not specifically testify that she possessed the same knowledge that an adequate warning would have provided. Construing these facts in light most favorable to Plaintiff, as it is required to do at this stage of the proceedings, the Court finds that there are genuine issues of material fact as to proximate causation and the applicability of the learned intermediary doctrine in this case. *See, e.g., Resendez v. C. R. Bard, Inc.*, No. 5:19-cv-299-BO, 2020 WL

1916690, at *1 (E.D.N.C. Apr. 20, 2020) (holding that plaintiff's negligent failure to warn claim was not barred by the learned intermediary doctrine); *Wortman v. C. R. Bard, Inc.*, No. 1:19-cv-3273-JMS-DLP, 2019 WL 6329651, at *8-9 (S.D. Ind. Nov. 26, 2019) (concluding that the learned intermediary doctrine did not preclude failure to warn claim). As such, Defendants are not entitled to summary judgment on this portion of Count I.

### *Count II: Strict Liability – Manufacturing Defect*

In their motion, Defendants move for summary judgment on Plaintiff's manufacturing defect claim. Plaintiff indicates that she will not pursue Count II. Consequently, Defendants are entitled to summary judgment on Count II.

### *Count III: Strict Liability -- Failure to Warn*

Defendants seek summary judgment on Plaintiff's strict liability failure to warn claim. For the reasons discussed in the Court's analysis of Count I, there is an issue of fact as to the applicability of the learned intermediary doctrine. As such, the motion for summary judgment is denied as to Count III.

### *Count IV: Strict Liability – Defective Product*

In their motion, Defendants move for summary judgment on Plaintiff's Count IV. Plaintiff indicates that she does not intend to pursue this claim. Consequently, the Court finds that Defendants are entitled to summary judgment on Count IV.

### *Count VI: Common Law Fraud*

Defendants seek summary judgment as to Plaintiff's common law fraud claim. Plaintiff indicates that she does not intend to pursue Count VI. Therefore, the Court finds that Defendants are entitled to summary judgment on Count VI.

### *Count VIII: Constructive Fraud*

Defendants seek summary judgment on Plaintiff's constructive fraud claim. Plaintiff indicates that she does not intend to proceed with this claim. As such, the motion for summary judgment is granted as to Count VIII.

### *Count IX: Negligent Misrepresentation*

Defendants seek summary judgment as to Plaintiff's common law fraud claim. Plaintiff indicates that she does not intend to proceed with this claim. Therefore, the Court finds that Defendants are entitled to summary judgment on Count IX.

### *Count X: Negligent Infliction of Emotional Distress*

Defendants move for summary judgment on Plaintiff's negligent infliction of emotional distress claim. Plaintiff indicates that she does not intend to proceed with this claim. As such, the motion for summary judgment is granted as to Count X.

### *Counts XI and XII: Breach of Express Warranty and Breach of Implied Warranty*

Defendants seek summary judgment on Plaintiff's breach of express and implied warranty claims. Plaintiff indicates that she does not intend to proceed

with these claims. Consequently, the motion for summary judgment is granted as to Counts XI and XII.

### *Count XIII: Violation of Consumer Protection Laws*

In their motion, Defendants seek summary judgment on Plaintiff's violation of consumer protection laws claim. Plaintiff indicates that she does not intend to pursue any consumer protection claims. Therefore, the Court finds that Defendants are entitled to summary judgment on Count XIII.

### *Count XIV: Gross Negligence*

#### Manufacturing Defect

Defendants seek summary judgment on Count XIV to the extent it relies on allegations of a manufacturing defect. Plaintiff indicates that she does not intend to pursue any claims based on a manufacturing defect. Based on Plaintiff's concession and the applicable case law, the Court grants summary judgment on this portion of Count XIV.

#### Failure to Warn

Defendants additionally seek summary judgment on Count XIV to the extent that it relies on an alleged failure to warn. For the reasons discussed in the Court's analysis of Count I, there is an issue of fact as to the applicability of the learned intermediary doctrine. As such, the Court denies summary judgment as to this portion of Count XIV.

*Count XV: Unjust Enrichment*

Defendants move for summary judgment on Plaintiff's unjust enrichment claim. Plaintiff indicates that she does not intend to proceed with this claim. As such, the motion for summary judgment is granted as to Count XV.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion for Summary Judgment" (Doc. 23) is **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **GRANTED** to the extent that summary judgment shall be entered in favor of Defendants, and against Plaintiff, on Count I (in part), Count II, Count IV, Count VI, Count VIII, Count IX, Count X, Count XI, Count XII, Count XIII, Count XIV (in part), and Count XV. The Court will enter a final judgment once all claims have been resolved.

3. The motion is **DENIED** as to Count I (in part), Count III, and Count XIV (in part).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of September, 2020.

 

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**